| HARPETH VALLEY UTILITIES | ) | C/A No. 01A01-9712-CH-00699 |
| DISTRICT OF DAVIDSON AND | ) | DAVIDSON COUNTY |
| WILLIAMSON COUNTIES, TENNESSEE | ) | CHANCERY NO. 97-737-III |
| | ) | |
| Plaintiff-Appellant | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| METROPOLITAN GOVERNMENT | ) | |
| OF NASHVILLE AND DAVIDSON | ) | |
| COUNTY, TENNESSEE | ) | |
| | ) | |
| Defendant-Appellee | ) | |

**FILED**

**July 15, 1998**

**Cecil W. Crowson
Appellate Court Clerk**

**IN THE COURT OF APPEALS AT NASHVILLE**

APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY, PART THREE
AT NASHVILLE, TENNESSEE

THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR

ROBERT E. PARKER
L. MARSHALL ALBRITTON
PARKER, LAWRENCE, CANTRELL & DEAN
Fifth Floor, 200 Fourth Avenue, North
Nashville, TN 37219
  Attorneys for Plaintiff-Appellant

PAUL D. KRIVACKA
Department of Law
204 Metropolitan Courthouse
Nashville, TN 37201
  Attorney for Defendant-Appellee

**REVERSED AND REMANDED**

      **Houston M. Goddard, Presiding Judge**

CONCUR:

FRANKS, J.
McMURRAY, J.

This is a suit by Harpeth Valley Utilities District, a municipal corporation organized under the Utility District laws of 1937--T.C.A. Title 7, Chapter 82, against Metropolitan Government of Nashville and Davidson County, Tennessee. Harpeth Valley--advancing two theories, breach of contract and unjust enrichment--seeks to recover interest it asserts it is due as to $75,000[1] paid to Metropolitan Government by owners of lots in two separate subdivisions to insure that the subdivisions could receive approval by the Metropolitan Planning Commission by providing the funds necessary to install water and waste water treatment services in the event such services were not provided by the developers or the Utility District.

By its issues on appeal Harpeth Valley insists the Chancellor was in error in granting Metropolitan Government's motion for summary judgment.

The brief of Metropolitan Government more specifically states certain salient facts relative to this dispute:

> Harpeth Valley is a regional utility created pursuant to Tenn. Code Ann. § 7-82-101, et seq. Harpeth Valley is charged with providing water and sewerage treatment services to customers within the geographic boundaries of its service area, which includes portions of Davidson County, Tennessee.
>
> The Metropolitan Government is a municipal corporation with a metropolitan charter created pursuant to Tenn. Code Ann. § 7-1-101, et seq. The Metropolitan Planning Commission (hereinafter "Planning

---

[1] Metropolitan Government paid to Harpeth Valley the $75,000 deposit.

Commission") is the commission within The Metropolitan Government responsible for the approval of subdivisions of Davidson County, Tennessee.

The Metropolitan Government, through the Planning Commission, entered into two (2) agreements that bonded the future installation of water and sewer improvements (hereinafter "Agreements") with the owners of the Dunaway Woods Subdivision (hereinafter "Dunaway Woods") and the BV 1776 Estates Subdivision (hereinafter "BV 1776 Estates"). Both Agreements required administration of escrow funds by the Planning Commission for the future installation of sewer lines to serve each lot in the subdivisions. During the years 1977 and 1978, $32,000 was paid into escrow with Planning Commission, with respect to Dunaway Woods and $43,000 with respect to BV 1776 Estates.

The contract as to Dunaway Woods Subdivision, which is identical--except as to the designation of the Subdivision--to the one as to BV 1776 Estates, as pertinent to this appeal, provides the following:

1. The Planning Commission will cause an escrow account to be established for the purpose of receiving monies required for the future installation of sewer lines to serve Dunaway Woods Subdivision, Section One.

2. Said account will be in favor of the Metropolitan Government for such purpose. However, in the event Harpeth Valley Utility District provides sewer service to the Dunaway Woods Subdivision, Section One, prior to service by the Metropolitan Government, then said escrow account will be assigned to said Utility District.

The contracts, which were drawn by representatives of Metropolitan Government, do not specifically address disposition of the interest generated by the escrow accounts.

3

It is clear that Metropolitan Government did not comply with the terms of the contracts in that it did not place the funds deposited in a separate escrow account, but rather in accounts managed by Metropolitan Government's Department of Finance and retained the interest earned therefrom for Metropolitan Government's other obligations.

In light of the language of the contracts, which were drafted by Metropolitan Government, we conclude that the Chancellor was in error in granting Metropolitan Government's motion for summary judgment. Moreover, counsel for Metropolitan Government conceded, when questioned by this Court during oral argument, that had the funds been placed in a separate escrow account Harpeth Valley would be entitled to the interest generated.

We also conclude that the parties under the facts of this case, by their motions for summary judgment, concede that there are no disputed facts and that it is appropriate to dispose of the dispute on the record presented.

Having reviewed the record with this in mind, we find that, as already noted, Harpeth Valley is entitled to the interest the accounts would have generated had the terms of the contract been followed. We also find that it is appropriate--as suggested by counsel for Harpeth Valley--to remand the case to

4

the Trial Court for a determination of the appropriate percentage of interest and entry of a judgment accordingly.

In light of our disposition of the breach of contract theory, it is unnecessary that we address the unjust enrichment theory.

For the foregoing reasons the judgment of the Trial Court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.  Costs of appeal, as well as those below, are adjudged against Metropolitan Government.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Don T. McMurray, J.